**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARQUESTIA CANNADY** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:26-cv-04341** |
| | § | |
| **CULINARY INSTITUTE, INC. d/b/a** | § | |
| **CULINARY INSITUTE LENOTRE,** | § | |
| | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

TO THE TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Marquestia Cannady ("Plaintiff") and Defendant Culinary Institute, Inc. d/b/a

Culinary Institute Lenotre ("Defendant") file this Joint Discovery/Case Management Plan pursuant

to Federal Rule of Civil Procedure 26(f), and state as follows:

**1.     Rule 26(f) Meeting**
State where and when the parties held the meeting required by Rule 26(f) was held. Identify the counsel who attended on behalf of each party.

The parties conferred by video conference on August 13, 2026. Renee Walker attended for Plaintiff. James McInerny attended for Defendant.

**2.     Jurisdiction**

a.      <u>Basis</u>: Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

The parties agree that federal jurisdiction is based upon 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law.

b.      <u>Diversity</u>: For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

Not applicable.

**3.    Case Background**

a.    <u>General Description</u>: Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

Plaintiff is a former student of Defendant Culinary Institute, Inc., a private institution of higher learning in Houston, Texas.   On September 30, 2024, Defendant terminated Plaintiff's enrollment.  Plaintiff brings the following causes of action arising from her enrollment as a student, and the termination of her enrollment:

1. **Breach of Express Contract in violation of Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq., (sexual harassment and retaliation).**

   Elements:
   - The educational institution receives federal financial assistance.
   - An official with authority to take corrective action for the institution must have actual notice of the alleged harassment or misconduct.
   - The institution's response must amount to deliberate indifference.
   - The sexual harassment must be so severe, pervasive, and objectively offensive that it effectively denies the victim equal access to an educational program or activity.

   Defenses:
   - Defendant did not have actual notice of any alleged sexual harassment of Plaintiff;
   - The instance of sexual harassment alleged by Plaintiff was not severe or pervasive, and did not seriously limit or deny Plaintiff's ability to participate in educational opportunities at Culinary Institute.
   - Plaintiff did not engage in an activity protected by Title IX.
   - Any adverse action Defendant took toward Plaintiff was based upon legitimate, non-retaliatory reasons, rather than a protected activity.

2. **Breach of Express Contract.**

   Elements:
   - A valid and enforceable contract.
   - Performance or tendered performance by Plaintiff.
   - Breach of contract by Defendant.
   - Actual damages sustained by Plaintiff as a result of that breach.

2

Defenses:
- There was no meeting of the minds between Plaintiff and Defendant.
- There was no valid contract between the parties.
- Defendant did not breach any contract with Plaintiff.
- Plaintiff materially breached any contract with Defendant.
- Plaintiff did not suffer damages from any breach of  contract by Defendant.

3. **Breach of Implied Contract.**

Elements:
- Valid, implied agreement between the parties.
- Performance by Plaintiff.
- Breach by Defendant.
- Actual damages sustained by Plaintiff as a result of that breach.

Defenses:
- There was no meeting of the minds between Plaintiff and Defendant.
- There was an express contract between Plaintiff and Defendant.
- Defendant did not breach any implied contract with Plaintiff.
- Plaintiff materially breached any implied contract with Defendant.
- Plaintiff did not suffer damages from any breach of  contract by Defendant.

4. **Due Process Violations**

Elements:
- Valid and binding contract or agreement between Plaintiff and Defendant.
- Specific promise of a procedure.
- Breach of the contract, agreement, or promise.
- Arbitrary and capricious conduct.
- Damages to Plaintiff.

Defenses:
- Private immunity from a constitutional due process claim.
- Plaintiff did not have a valid and binding contract with Defendant.
- Defendant did not make specific promises of a procedure.
- Defendant followed all internal procedures its contractually promised.
- Plaintiff was not damaged.

3

5. **Negligence**

Elements:
- Defendant owed a legal duty to Plaintiff.
- Defendant breached the duty.
- The breach proximately caused the Plaintiff's injury.

Defenses:
- Defendant owed no duty to Plaintiff.
- Defendant did not breach any duty to Plaintiff.
- Any actions or omissions of Defendant were not the proximate cause of Plaintiff's injuries, if any.
- Plaintiff's damages were caused by intervening and/or superseding cause.
- Plaintiff's own actions or omissions caused or contributed to Plaintiff's injury.
- Plaintiff's harm, if any was caused or contributed to by third parties.
- Plaintiff did not suffer any damages.
- Plaintiff failed to mitigate any damages.

6. **Discrimination on the basis of race in violation of Title VI of the Civil Rights Act of 1964**

Elements:
- Plaintiff belongs to a protected class based on race, color, or national origin.
- The defendant receives federal funds.
- Plaintiff suffered an adverse action.
- Defendant intentionally treated Plaintiff differently or caused her harm because of her protected status.

Defenses:
- Any action Defendant took regarding Plaintiff was for valid, neutral, and legitimate reasons not related to her race or color.
- Defendant's actions were not made with discriminatory intent.
- The action complained of would have occurred regardless of Plaintiff's race.

7. **Discrimination on the basis of race in violation of 42 U.S.C. § 1981**

Elements:
- Plaintiff identifies as a member of a racial minority.
- Defendant intentionally discriminated against Plaintiff.
- The adverse action must impair an activity protected under the law.
- Plaintiff must prove that the injury would not have occurred but for Defendant's racial bias.

Defenses:
- Any action Defendant took regarding Plaintiff was for valid, neutral reasons not related to her race.
- The action complained of would have occurred regardless of Plaintiff's race.
- Plaintiff had no underlying contract, or attempted contract, which fell under the scope of protected activities.

### 8. Intentional Infliction of Emotional Distress

Elements:
- Defendant acted intentionally or recklessly.
- Plaintiff suffered severe emotional distress.
- Defendant's conduct was extreme and outrageous.
- Defendant's conduct proximately caused Plaintiff's emotional distress.
- No alternative cause of action would provide a remedy for the severe emotional distress caused by Defendant's conduct.

Defenses:
- Defendant did not act with specific intent to cause severe emotional harm.
- Defendant did not act toward Plaintiff with reckless disregard.
- Defendant's conduct regarding Defendant was not extreme and outrageous.
- Plaintiff did not suffer severe emotional distress.

b.    Related Cases: List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

None.

c.    Class Issues: Describe any class action or collective action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

None.

4.    **Parties**

a.    Unserved Parties:  List any unserved parties. State a date certain by which that party will be served.

None known.

5

b.    <u>Additional Parties</u>:  List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

None known.

c.    <u>Interventions</u>:  List and briefly explain any anticipated interventions.

None.

d.    <u>Interested Persons</u>:  Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

Defendant filed its Disclosure of Interested Persons on July 30, 2026.

Plaintiff will file her Disclosure of Interested Persons by August 15, 2026.

**5.    Discovery**

a.    <u>Initial Disclosures</u>:  State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

Plaintiff will file her initial disclosures by August 28, 2026.

Defendant will file its initial disclosures by August 28, 2026.

b.    <u>Phases</u>:  State whether the parties considered conducting discovery in phases.

The parties do not plan on conducting discovery in phases.

c.    <u>Completed</u>:  Specify any discovery already underway or accomplished.

Discovery is not yet underway.

d.    <u>Limitations</u>:  Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

The parties do not anticipate requesting changes to the limitations set by the Federal Rules of Civil Procedure.

e.    <u>Preservation</u>:  Describe any issues about preservation of discoverable information.

None known.

f.    <u>Disputes</u>:  Specify any discovery disputes.

None to date.

**6.      Orders**

a.      <u>Protective Order</u>: State whether the parties will request a protective order. Describe any issues about confidentiality.

The parties will discuss whether a protective order will be necessary.

b.      eDiscovery Order: State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.

The parties do not anticipate they will need an electronic discovery order.

**7.      Settlement**

Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

The parties will not be in a position to conduct settlement discussions until the Court has ruled on preliminary motions and the parties have conducted initial discovery.

**8.      Trial**

a.      <u>Magistrate Judge</u>:  Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.

The parties are not agreeable to having a Magistrate Judge try this case.

b.      <u>Jury Demand</u>: Identify any party that has made a jury demand and whether it was timely.

Plaintiff made a jury demand.

c.      <u>Length of trial</u>: Specify the total number of hours it will likely take to present the evidence at trial in this case.

The parties estimate it will take 18-24 hours to present the evidence at the trial of this case.

**9.      Other Matters**

List any other matter that needs to be addressed at the Scheduling Conference.

None at present.

10.    <u>Proposed Scheduling Order</u>: Complete and attach a joint proposed scheduling order. Use Form 4 on this Court's home page. Clearly indicate any disagreements with reasons in support of the requests made.

Respectfully submitted,

*/s/ Renee Walker*
Counsel for Plaintiff
08/13/2026

*/s/ James P. McInerny*
Counsel for Defendant
08/13/2026