IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUESTIA CANNADY | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-04341 |
| | § | |
| CULINARY INSTITUTE, INC. d/b/a | § | |
| CULINARY INSITUTE LENOTRE, | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT CULINARY INSTITUTE, INC. d/b/a**
**CULINARY INSTITUTE LENOTRE'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**ORAL HEARING REQUESTED**

---

**MERKLEY JONES EASTHAM, PLLC**

James P. McInerny
State Bar No. 3678700
Fed. Id. No. 9138
jmcinerny@merkleyjones.com
600 Travis Street, Suite 5000
Houston, Texas 77002
O: 713.400.4199
M: 713-202-9728

*Attorneys for Defendant*
*Culinary Institute, Inc. d/b/a*
*Culinary Institute Lenotre*

## TABLE OF CONTENTS


TABLE OF CONTENTS …………………………………………………………… ii

TABLE OF AUTHORITIES ……………………………………………………… iv

I. SUMMARY OF THE ARGUMENT ……………………………………….. 1

II. NATURE AND STAGE OF THE PROCEEDING …………………………… 1

III. STATEMENT OF UNCONTROVERTED FACTS ………………………….. 1

IV. STANDARD OF REVIEW …………………………………………………. 2

A. Legal Standard for a Motion Under Federal Rule 12(b)(6) ………………… 2

B. Standard for Discrimination Under Title IX ……………………………….. 3

C. Standard for Retaliation under Title IX ……………………………………. 4

D. Standard for Express and Implied Contract ……………………………….. 4

E. Standard for Due Process Violation ………………………………………. 5

F. Standard for Negligence …………………………………………………. 5

G. Standard for Discrimination Under Title VI and 42 U.S.C. § 1981 ………… 5

H. Standard for Intentional Infliction of Emotional Distress ………………….. 6

V. ARGUMENT AND AUTHORITIES

A. Plaintiff Fails to State a Claim of Harassment Under Title IX ……………… 6

B. Plaintiff Fails to State a Retaliation Claim Under Title IX ………………...... 8

C. Plaintiff Fails to State a Claim for Breach of Express or Implied Contract ……………………………………………… 9

D. Plaintiff Fails to State a Due Process Claim ……………………………….. 11

E. Plaintiff Fails to State a Negligence Claim ………………………………… 12

F. Plaintiff Fails to State a Discrimination Claim Under Title VI ....................................................14

G. Plaintiff Does not State a Discrimination Claim Under 42 U.S.C. § 1981 .................................................... 15

H. Plaintiff Does not State a Claim for Intentional Infliction of Emotional Distress .................................................... 16

VI. CONCLUSION AND PRAYER .................................................... 18

VII. REQUEST FOR ORAL HEARING .................................................... 18

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) …………………………………… 1, 2, 3, 9

*Beauchene v. Mississippi College*, 986 F. Supp. 755, 767-68 (S.D. Miss. 2013),............ 11

*Bedgood v. Nissan N. Am., Inc.*, 2016 WL 3566689, *5 (W.D. Tex. June 24, 2016)....... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); ...................................................... 2

*Bisong v. Univ. of Houston*, 493 F. Supp.2d 896, 906 (S.D. Tex. 2007) .......................... 15

*Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex.1999) ............................................ 17

*Chavez v. Richardson Indep. Sch. Dist.*, No. 3:16-cv-2563-B, 2017 WL 3620388, at *8 (N.D. Tex. Aug. 23, 2017) ………………………………………………….... 7

*Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 651-52 (1999) ………………………………………….…………… 7, 8

*Elephant Ins. Co. v. Kenyon*, 644 S.W. 137, 144 (Tex. 2022) ...................................... 5, 13

*Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 583 n.16, 104 S.Ct. 2576, 2590 n.16 (1984)............................................................................................................. 16

*Fort v. Dallas Indep. Sch. Dist.*, 82 F.3d 414, 1996 WL 167072, at *3 (5th Cir. 1996)) ……………………………………………………………………………………… 3

*Goff. v. Continental Oil*, 678 F.2d 593, 598 (5th Cir.1982).............................................. 16

*Hamilton v. Dallas County*, 79 F.4th 494, 502 n. 45 (5th Cir. 2023) ………………… 15

*Harry v. Dall. Hous. Auth.*, 662 F. App'x 263, 266 (5th Cir. 2016)................................. 15

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 969 (Tex. App.—Dallas 2013, no pet.) ...................................................................................................................................... 4, 9

*Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) ................ 6, 17

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S.Ct. 1497 (2005)............. 9

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) ..................................... 15

*Moore v. Allstate Texas Lloyd's,* 742 Fed. Appx. 815, 817 (5th Cir. 2018) .................... 11

*Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011) ............10

*Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10–CV–0115–B, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010). .......................................................................................... 14

*Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) .................. 5, 12

*NCAA v. Tarkanian*, 488 U.S. 179, 191, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)........... 11

*Pederson v. La. State Univ*., 213 F.3d 858, 881 (5th Cir. 2000))....................................... 4

*Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)..................................... 14

*Poloceno v. Dallas Indep. Sch. Dist.*, No. 3:18-cv-01284-E, 2019 WL 7305216, at *2 (N.D. Tex. Dec. 30, 2019), aff'd, 826 F. Appx. 359 (5th Cir. 2020)............................... 3

*Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001)............................................ 16

*Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (per curiam) ............................................................................................................. 14

*Rendell–Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 2771, 73 L.Ed.2d 418 (1982) ..........................................................................................11

*Salazar v. South San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 278 (5th Cir. 2017) .......... 4

*Sanches v. Carrollton-Farmers Branch Indep. School Dist.*, 647 F.3d 156, 170 (5th Cir. 2011) ...........................................................................................................4, 7, 9

*Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 706 n.9 (5th Cir. 1994)................................................................................................... 14

*Senu–Oke v. Jackson State Univ.*, 521 F. Supp.2d 551, 559 (S.D. Miss.2007) ................ 12

*Shaboon v. Duncan*, 252 F.3d 722, 731 (5th Cir. 2001).................................................... 12

*Trudeau v. Univ. of N. Tex., By and Through its Bd. of Regents*, 861 Fed. Appx. 604, 607–08 (5th Cir. 2021) (per curiam) ..................................................................... 9

*University of Missouri v. Horowitz*, 435 U.S. 78, 85-86, 98 S.Ct. 948, 953 (1978) ......... 12

*Villarreal v. Art Inst. of Houston, Inc.*, 20 S.W.3d 792, 798 (Tex. App.—Corpus Christi 2000, no pet.) .......... 10, 11

*Walter v. Birdville Indep. Sch. Dist.*, No. 4:18-cv-301-A, 2018 WL 3974714, at *2 (N.D. Tex. Aug. 20, 2018) .......... 3

*Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 992-92 (5th Cir. 2019) .......... 4, 9

*West v. City of Houston, Texas*, 960 F.3d 736, 742 (2020) .......... 8

*Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)) .......... 9

*Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) .......... 2

## **Statutes**

20 U.S.C. § 1681(a) .......... 2, 3

42 U.S.C. § 1981 .......... 2, 5, 15

42 U.S.C. § 2000d .......... 2, 14

## **Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1, 2, 3, 10

## **Constitutional Provisions**

U.S. Const. amend. XIV .......... 11

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Culinary Institute, Inc. d/b/a Culinary Institute Lenotre ("Defendant" or CIL") files this motion to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### I. SUMMARY OF THE ARGUMENT

1. The Court should dismiss this action against Defendant for failure to state a claim because the allegations in Plaintiff's complaint state a claim that entitles Plaintiff to the relief sought in her causes of action. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff has not provided fair notice of her claims and factual allegations that, when accepted as true, are plausible and rise above mere speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### II. NATURE AND STAGE OF THE PROCEEDING

2. Plaintiff filed her Original Complaint (entitled "Plaintiff's Original Petition") on June 3, 2026, and served Defendant with the complaint on July 7, 2026. On July 27, 2026, the Court granted the parties' Agreed Motion for Extension of Time to File Original Answer, extending Defendant's deadline to file its answer to August 28, 2026 (Doc. 9). Defendant is filing its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) prior to filing its answer.

### III. STATEMENT OF UNCONTROVERTED FACTS

3. Defendant Culinary Institute Lenotre ("CIL") is a private institution of higher education located in Houston, Texas. Pl's Complaint p. 12, par. 2. Plaintiff Marquestia Cannady ("Plaintiff" or "Cannady") was enrolled in Defendant's Culinary Arts Program. Complaint p. 1, par. 2. (entitled "Plaintiff's Original Petition) ¶¶ 1, 7.

4. On March 21, 2024, Plaintiff engaged in a verbal and physical altercation with another student on campus. Complaint p. 3, par. 10. On September 19, 2024, Plaintiff engaged in a second verbal altercation with another student on campus. Complaint p. 3, par. 11. Following the second incident, Defendant suspended Plaintiff from classes for two days. Complaint p.5, par. 22. Subsequently, on September 30, 2024, Defendant terminated Plaintiff's enrollment with CIL. Complaint pp. 6-7, par. 28.

5. In her complaint, Plaintiff brings claims against Defendant for (1) violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., (2) breach of express and implied contracts, (3) "due process violations," (4) negligence, (5) discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and 42 U.S.C. § 1981, and (6) intentional infliction of emotional distress.

## IV. STANDARD OF REVIEW

### A. Legal Standard for a Motion Under Federal Rule 12(b)(6)

6. A complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Iqbal*, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.' " *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

7. A two-step analysis applies to a Rule 12(b)(6) motion. First, a plaintiff must plead substantive, specific facts that are sufficient to state a claim for relief under Rule 8. *Iqbal*, 556 U.S. at 678 (noting Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Second, a claim for relief must also be plausible on its face. *Id.* at 570. A court reviewing a motion to dismiss is required to "draw on its experience and common sense" and consider whether there are other reasons for a defendant's behavior that are more likely. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B. Standard for Discrimination Under Title IX**

8. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To prevail on a claim under Title IX, a plaintiff must show the defendant intentionally discriminated against her on the basis of her sex. *Walter v. Birdville Indep. Sch. Dist.*, No. 4:18-cv-301-A, 2018 WL 3974714, at *2 (N.D. Tex. Aug. 20, 2018) (citing *Fort v. Dallas Indep. Sch. Dist.*, 82 F.3d 414, 1996 WL 167072, at *3 (5th Cir. 1996)). "To violate Title IX, a funding recipient need not have intended to violate Title IX, but need only have intended to treat women differently." *Poloceno v. Dallas Indep. Sch. Dist.*, No.

3:18-cv-01284-E, 2019 WL 7305216, at *2 (N.D. Tex. Dec. 30, 2019), aff'd, 826 F. Appx. 359 (5th Cir. 2020) (citing *Pederson v. La. State Univ*., 213 F.3d 858, 881 (5th Cir. 2000)).

9. "[L]iability under Title IX arises not from the discrimination or harassment itself but from an official decision by the [funding] recipient not to remedy the violation." *Salazar v. South San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 278 (5th Cir. 2017). The failure to respond, "must amount to deliberate indifference to discrimination." *Id*. at 290. However, a funding recipient's failure to follow its own harassment policies is not sufficient to demonstrate Title IX liability. *Sanches v. Carrollton-Farmers Branch Indep. School Dist.*, 647 F.3d 156, 170 (5th Cir. 2011) ("Title IX does not require flawless investigations or perfect solutions.").

**C. Standard for Retaliation under Title IX**

10. "To establish a prima facie case of retaliation under Title IX, a plaintiff must show that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action, and (3) 'a causal link exists between the protected activity and the adverse employment action.' "

**D. Standard for Express and Implied Contract**

11. Under Texas law, breach of contract requires four elements: (1) a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages. *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 992-92 (5th Cir. 2019), citing *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 969 (Tex. App.—Dallas 2013, no pet.). Whether the contract terms are clear or ambiguous is a question of law for the court.

12. For a breach of implied contact claim, the plaintiff must establish the standard contract elements through the conduct and circumstantial evidence of the parties, rather than explicit written or oral words.

**E. Standard for Due Process Violation**

13. Defendant is a private institution of higher learning, and therefore Constitutional due process requirements do not apply to its actions. Courts give wide latitude to private institutions regarding academic and disciplinary decisions, and will intervene only if the school materially breached its own procedures.

**F. Standard for Negligence**

14. The elements of Plaintiff's cause of action for negligence under Texas law are: (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused Plaintiff's injury. *Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The existence of a legal duty generally is a question of law. *Elephant Ins. Co. v. Kenyon*, 644 S.W. 137, 144 (Tex. 2022).

**G. Standard for Discrimination Under Title VI and 42 U.S.C. § 1981**

15. To prove a claim for discrimination under Title VI of the Civil Rights Act of 1964, a plaintiff must establish that the defendant, a recipient of federal financial assistance, acted with discriminatory intent or animus.

16. To prove a claim for discrimination under 42 U.S.C. § 1981, a plaintiff must show that his or her race was the **"but for"** cause of their injury or the loss of a legally protected right.

### H. Standard for Intentional Infliction of Emotional Distress

17. To establish a claim of intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused Plaintiff emotional distress, and (4) plaintiff's emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Intentional infliction of emotional distress is a "gap filler" tort that was "judicially created to allow recovery in rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id. at* 447.

## V.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff Fails to State a Claim of Harassment Under Title IX

18. Plaintiff alleges that, on or about September 19, 2024, "Cesar" a male student, initiated a verbal altercation with Plaintiff and "directed sexually explicit and harassing remarks toward her." Complaint p. 3, par. 11. The chef instructor intervened, and Plaintiff and Cesar were both removed from the classroom. Complaint p. 3, par. 12. The chef instructor told Plaintiff to prepare a written statement regarding the incident. Complaint p. 3, par. 14. Chef Stephanie Lamour, Director of CIL's Cuisine Department, and another administrator met with Plaintiff on two occasions, during which Plaintiff recounted her version of the dispute with Cesar, including her claim that she was "the target of sexually harassing behavior." Complaint pp. 3-4, pars. 15-18.

19. To recover on a student-on-student harassment theory, Plaintiff must plead facts showing that Defendant "(1) had actual knowledge of the harassment, (2) the harasser was under [Defendant's] control, (3) the harassment was based on the victim's sex, (4) the harassment was 'so severe, pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit,' and (5) [Defendant] was deliberately indifferent to the harassment." *Sanches*, 647 F.3d at 165. Plaintiff has not pleaded sufficient facts to establish that the alleged harassment by Cesar was of a sexual nature and was so severe, pervasive, and objectively offensive that it interfered with Plaintiff's access to educational opportunity.

20. Significantly, the alleged harassment consisted of a single crude remark by Cesar to "suck my d___." Complaint p. 9, par. 39. While offensive, this statement does not rise to the level of sexual harassment under Title IX. To be based on sex, the conduct must be "gender-oriented" or "gender-related." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 651-52 (1999); *Chavez v. Richardson Indep. Sch. Dist.*, No. 3:16-cv-2563-B, 2017 WL 3620388, at *8 (N.D. Tex. Aug. 23, 2017) ("[A] plaintiff must allege *pervasive* gender-related harassment to state a Title IX claim; allegations of general bullying, teasing, or name-calling will not do.")(emphasis added). The alleged conduct must not be "merely tinged with offensive sexual connotations." *Sanches*, 647 F.3d at 165. "Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." *Davis*, 526 U.S. at 651-52. "Rather, in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it

denies its victims the equal access to education that Title IX is designed to protect." *Id*. A single stray remark, even if sexually tinged, will not support a claim under Title IX.

21. Plaintiff also does not allege facts showing that Cesar's remark was "sufficiently severe, pervasive, and objectively offensive" to be actionable under Title IX. To determine whether harassment is severe, pervasive, and objectively offensive, the Fifth Circuit uses a totality of the circumstances test. *See West v. City of Houston, Texas*, 960 F.3d 736, 742 (2020). The Court looks at the (1) frequency of the acts, (2) severity of the acts, (3) whether the acts were physically threatening or humiliating or merely offensive utterances, and (4) whether the acts unreasonably interfere with the learning environment. *Id*. Here, Plaintiff alleges only a single stray comment by a fellow student.

22. Plaintiff also has not plead sufficient facts showing that Defendant was deliberately indifferent to her report of alleged sexual harassment. Quite the opposite, her complaint states that the chef instructor intervened in the verbal confrontation and removed Plaintiff and Cesar from the class, the chef instructor told Plaintiff to prepare a written statement about the incident, and the Director of CIL's Cuisine department and another administrator met with Plaintiff twice to discuss the incident and to offer Plaintiff the opportunity to give her side of the incident.

23. Because Plaintiff has not pleaded sufficient facts to prove her claim under Title IX, the Court should dismiss Plaintiff's that claim.

**B. Plaintiff Fails to State a Retaliation Claim Under Title IX**

24. A plaintiff bringing a Title IX retaliation claim "must show that the district or its representatives took an adverse action against her because she complained of

harassment." *Sanches*, 647 F.3d at 170, citing *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L.Ed.2d 361 (2005). "To establish a prima facie case of retaliation under Title IX, a plaintiff must show (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action, and (3) 'a causal link exists between the protected activity and the adverse employment action.' " *Trudeau v. Univ. of N. Tex., By and Through its Bd. of Regents*, 861 Fed. Appx. 604, 607–08 (5th Cir. 2021) (per curiam) (*quoting Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)).

25. Plaintiff's complaint does not allege sufficient facts to establish the required causal link between her complaining that Cesar sexually harassed her Defendant's suspending and terminating her enrollment. Although Plaintiff identifies possible flaws in the manner in which Defendant addressed her complaint, she has not specified a causal link between her report and Defendant's actions.

26. Because Plaintiff has not met the elements for her claims of sexual harassment and retaliation under Title IX, the Court should dismiss those claims.

**C. Plaintiff Fails to State a Claim for Breach of Express or Implied Contract**

27. Under Texas law, breach of contract requires four elements (1) a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages. *Wease*, 915 F.3d at 992-92, citing *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 969 (Tex. App.—Dallas 2013, no pet.). To this end, a plaintiff must plead substantive, specific facts that are sufficient to state a claim for relief under Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

28. Plaintiff's complaint alleges she entered into contracts with Defendant when she agreed to attend CIL and paid tuition to the institution. Complaint p. 11, par. 50. She also claims the CIL Student Handbook acts as a contract between Defendant and Plaintiff, and that, under these contracts, Defendant had a duty to provide Plaintiff with a safe learning environment and to comply with the rules, regulations, and policies established in the Student Handbook. Complaint p. 11, pars. 51-53.

29. However, Plaintiff does not specify any contractual terms requiring Defendant to provide a safe learning environment. She also does not identify those portions of the Student Handbook that require Defendant to follow a specific disciplinary process. Instead, based solely on "information and belief," she alleges the contracts existed and were intended to primarily and directly benefit Plaintiff. Complaint p. 11, par. 52.

30. Under Texas law, a breach of contract claim "must fail as a matter of law" where the plaintiff "has not shown the existence of a valid contract containing [the] terms" she claims the defendant breached. *Villarreal v. Art Inst. of Houston, Inc.*, 20 S.W.3d 792, 798 (Tex. App.—Corpus Christi 2000, no pet.). In federal court, breach of contract claims that fail to identify both the governing contract and the provision allegedly breached are routinely dismissed under Rule 12(b)(6). *See, e.g., Bedgood v. Nissan N. Am., Inc.*, 2016 WL 3566689, *5 (W.D. Tex. June 24, 2016); *see also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011) (dismissing breach-of-contract claim that failed to specify "what contracts" the parties entered into, "the key terms," or "how they were breached"). Because Plaintiff has not pleaded substantive facts sufficient to state a claim for breach of contract, the Court should dismiss that claim.

31. The Court also should dismiss Plaintiff's breach of implied contract claim for the same reasons; that Plaintiff has not adequately alleged what the purported terms are of any implied contract or how the purported terms were breached. *Villarreal*, 20 S.W.3d at 798; *see also Moore v. Allstate Texas Lloyd's,* 742 Fed. Appx. 815, 817 (5th Cir. 2018).

**D. Plaintiff Fails to State a Due Process Claim**

32. Plaintiff prefaces her due process claim by restating her allegation that Defendant entered into contracts with Plaintiff when she agreed to attend CIL and paid tuition. Complaint p. 15, par. 74. Plaintiff again alleges Defendant has established extensive disciplinary procedures which are outlined in detail in the CIL Student Handbook, including a student's right to receive timely and adequate notice of allegations against them, the right to a disciplinary hearing, the right to post-hearing notifications, the right to fair and proportionate disciplinary determination, and the right to appeal adverse decisions. Complaint p. 16, par. 77. However, as with her breach of contract claims, Plaintiff fails to identify both the governing contracts and the provisions of the alleged contracts that afforded her due process.

33. In addition, because CIL is a private, not a public institution, its policies and procedures regarding student discipline do not have to comport with the due process requirements of the Fourteenth Amendment to the U.S. Constitution. *See Beauchene v. Mississippi College*, 986 F. Supp. 755, 767-68 (S.D. Miss. 2013), citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 837, 102 S. Ct. 2764, 2771, 73 L.Ed.2d 418 (1982) ("[T]he Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process, applies to acts of states, not to acts of private persons or entities");

*see also NCAA v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L.Ed.2d 469 (1988) ("Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be.").

34. Courts are reluctant to interfere with the disciplinary procedures and decisions of educational institutions, even where constitutional due process rights are guaranteed. *See Senu–Oke v. Jackson State Univ.*, 521 F. Supp.2d 551, 559 (S.D. Miss.2007) ("the Supreme Court and Fifth Circuit have made clear that the process which must attend student dismissals, whether for academic or disciplinary reasons, is minimal."), *aff'd per curiam, Senu–Oke v. Jackson State Univ.*, 283 Fed. Appx. 236 (5th Cir. 2008). Plaintiff has not shown that she was not entitled to any due process beyond the "informal give and take" with Defendant she in her Complaint. *See Shaboon v. Duncan*, 252 F.3d 722, 731 (5th Cir. 2001), citing *University of Missouri v. Horowitz*, 435 U.S. 78, 85-86, 98 S. Ct. 948, 953 (1978).

35. Because Plaintiff has not shown she was entitled to an investigation, hearing, and the right to appeal Defendant's disciplinary decisions, the Court should dismiss her due process claim.

**E. Plaintiff Fails to State a Negligence Claim**

36. The prove her negligence claim, Plaintiff must establish the (1) Defendant owed a legal duty to Plaintiff, (2) Defendant breached that duty, and (3) The breach proximately caused Plaintiff's injury. *Nabors Drilling*, 288 S.W.3d at 404.

37. The existence of a legal duty generally is a question of law. *Elephant Ins.*, 644 S.W. at 144. Plaintiff alleges Defendant owed her a legal duty to exercise reasonable care in the administration of Defendant's educational programs, disciplinary procedures, and campus safety protocols based on an alleged "special relationship" between Defendant and enrolled students, and as defined by the policies and procedures set forth in the CIL Student Handbook and "applicable institutional standards." Complaint p. 18, par. 90.

38. However, Plaintiff does not plead sufficient facts provide her claim that she and Defendant had a "special relationship" that will impose common law duties on Defendant beyond the standard of ordinary care. CIL's students are adults, and CIL does not have the protective "in loco parentis" duty that might be imposed on an undergraduate university.

39. As with her other causes of action, Plaintiff alleges she entered into contracts with Defendant when she agreed to attend CIL and paid tuition. Complaint p. 18, par. 88. Plaintiff claims these contracts, the CIL Student Handbook, state and federal statutes, and applicable institutional standards "further defined" the special relationship between Defendant and the enrolled students. Complaint p. 18, pars. 89-90. However, Plaintiff's complaint does not identify the contractual terms that created a special relationship with Defendant, nor does she identify the provisions in the CIL Student Handbook that require Defendant to follow a specific disciplinary process.

40. Because Plaintiff has not pleaded sufficient facts showing that the manner in which Defendant handled its discipline of Plaintiff breached any duty owed to her, the Court should dismiss her negligence claim.

**F. Plaintiff Fails to State a Discrimination Claim Under Title VI**

41. Title VI of the Civil Rights Act of 1964 states "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

42. The essential elements of a Title VI discrimination claim are (1) race or national origin discrimination, and (2) the entity that engaged in the discrimination is receiving federal financial assistance. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 706 n.9 (5th Cir. 1994). To establish discriminatory intent, a plaintiff must "plead facts in support of intentional discrimination." *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (per curiam); *see also Sandoval*, 532 U.S. at 280 ("'Title VI itself directly reach[es] only instances of intentional discrimination' "). Intentional discrimination means that a decisionmaker acted "at least in part" with a discriminatory purpose. *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). A complaint that fails to "provide specific allegations of acts that were taken with discriminatory intent" does not state a claim for Title VI discrimination. *Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10–CV–0115–B, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010).

43. Plaintiffs can rely on both direct and circumstantial evidence to plead a Title VI discrimination claim. "Direct evidence is evidence that, if believed, proves the fact . . . without inference or presumption [and] . . . includes any statement or document that shows on its face that an improper criterion served as a basis for the adverse employment action."

*Harry v. Dall. Hous. Auth.*, 662 F. App'x 263, 266 (5th Cir. 2016) (per curiam) (citation omitted). When direct evidence is lacking, courts use the well-known *McDonnell Douglas* factors to determine whether a plaintiff has been discriminated against because of a protected characteristic. *Hamilton v. Dallas County*, 79 F.4th 494, 502 n. 45 (5th Cir. 2023). Under this approach, a plaintiff establishes a prima facie case of intentional discrimination by showing that (1) she belongs to a protected class, (2) her performance met the institution's legitimate expectations, (3) she suffered an adverse action; and (4) either that others not in her protected class received more favorable treatment under similar circumstances or that she otherwise suffered an adverse action because of his race or national origin. *See Bisong v. Univ. of Houston*, 493 F. Supp.2d 896, 906 (S.D. Tex. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973).

44. Plaintiff's pleading does not provide sufficient facts to give Defendant fair notice of her Title VI claim. Specifically, she does not plead any facts supporting the crucial fourth element of her claim, that others not in her protected class received more favorable treatment under similar circumstances or that she otherwise suffered an adverse action because of her race. Because Plaintiff's complaint fails to "provide specific allegations of acts that were taken with discriminatory intent" it does not state a claim for Title VI discrimination, and the Court should dismiss it.

**G. Plaintiff Does not State a Discrimination Claim Under 42 U.S.C. § 1981**

45. Plaintiff alleges Defendant's actions deprived her of the full and equal benefit of the contractual relationship between student and institution, in violation of 42 U.S.C. §

1981. Pl. Complaint ¶110. Section 1981, like Title VI, prohibits discrimination based on race. To establish a section 1981 violation, a plaintiff must show (1) discrimination on account of race, (2) in connection with an activity enumerated in the statute, and (3) discriminatory intent. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 583 n.16, 104 S. Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); *Goff. v. Continental Oil*, 678 F.2d 593, 598 (5th Cir.1982).

46. A plaintiff may establish a prima facie case of disparate treatment by applying the four-part test used in Title VII cases: (1) the plaintiff belongs to a racial minority; (2) was qualified for the position, (3) suffered an adverse action, and (4) was treated differently than non-minority individuals. *See Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001).

47. As with her cause of action under Title VI, Plaintiff's complaint does not provide sufficient facts showing that Defendant treated her differently than non-minority students, and deprived her of the full and equal benefit of her contractual relationship with CIL. Because Plaintiff's pleading does not state claim for relief, the Court should dismiss her section 1981 claim.

**H. Plaintiff Does not State a Claim for Intentional Infliction of Emotional Distress**

48. Plaintiff alleges Defendant intentionally and/or recklessly inflicted emotional distress on her by (1) purposely interfering with her due process rights, (2) purposely and intentionally failing to address problems associated with its disciplinary procedures, (3) removing her from the CIL campus, suspending her, and terminating her enrollment, and (4) purposely targeting and retaliating against Plaintiff because of her race.

Pl. Complaint ¶¶116-119. To prove this claim, Plaintiff must establish that (1) Defendant acted intentionally or recklessly, (2) Defendant's conduct was extreme and outrageous, (3) Defendant's actions caused Plaintiff emotional distress, and (4) Plaintiff's emotional distress was severe. *Zeltwanger*, 144 S.W.3d at 445.

49. Under Texas law, intentional infliction of emotional distress is a "gap filler" tort "judicially created to allow recovery in rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id. at* 447. The Texas Supreme Court has held that a plaintiff cannot circumvent statutory remedies by collecting damages based on an intentional infliction of emotional distress claim. "If the gravamen of a plaintiff's complaint is the type of wrong that a statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he she succeeds, or even makes, a statutory claim. *Hoffman-LaRoche*, 144 S.W.3d at 448. Here, Plaintiff alleges she was subjected to sexual harassment under Title IX, and race-based discrimination under Title VI and section 1981. Because these statutory claims are based on the same facts as Plaintiff's cause of action for intentional infliction of emotional distress, that claim is pre-empted and must be dismissed.

50. Furthermore, even accepting the facts alleged by Plaintiff as true, they do not reach the level of egregiousness that the Texas Supreme Court requires to support a cause of action for intentional infliction of emotional distress. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex.1999) (explaining that, in order the sustain a claim for intentional infliction of emotional distress under Texas law, the conduct at issue must be "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). Therefore, the Court should dismiss Plaintiff's claim for intentional infliction of emotional distress.

## VI.
## CONCLUSION AND PRAYER

Defendant seeks dismissal of all statutory and state law claims against it, dismissal of all claims for damages, including punitive damages, claims for attorney's fees and costs, and all other claims for relief sought by Plaintiff.

## VII.
## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests an oral hearing on its Motion to Dismiss. Because of the number of causes of action Plaintiff asserts in her Complaint, and the complexity of the issues before the Court, a hearing is necessary for Defendant to fully present the arguments supporting its motion.

Respectfully submitted,

**MERKLEY JONES EASTHAM, PLLC**

By: */s/ James P. McInerny*
James P. McInerny
State Bar No. 3678700
Fed. Id. No. 9138
jmcinerny@merkleyjones.com
600 Travis Street, Suite 5000
Houston, Texas 77002
O: 713.400.4199
M: 713-202-9728
*Attorneys for Defendant*

**CERTIFICATE OF WORD COUNT**

I certify that this motion contains 4,870 words and complies with the Court's Procedure 16(c).

*/s/ James P. McInerny*
James P. McInerny

**CERTIFICATE OF CONFERENCE**

I certify that I made reasonable efforts to confer with Plaintiff's counsel Renee Walker about this motion, by forwarding a letter discussing out the deficiencies in Plaintiff's complaint and requesting a telephone conference, but Ms. Walker has not responded.

*/s/ James P. McInerny*
James P. McInerny

**CERTIFICATE OF SERVICE**

I certify that on August 28, 2026, the foregoing was served via CM/ECF on all counsel of record pursuant to Local Rule 5.1.

*/s/ James P. McInerny*
James P. McInerny