IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUESTIA CANNADY | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-04341 |
| | § | |
| CULINARY INSTITUTE, INC. d/b/a | § | |
| CULINARY INSITUTE LENOTRE, | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT CULINARY INSTITUTE, INC. d/b/a CULINARY INSTITUTE LENOTRE'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**ORAL HEARING REQUESTED**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Culinary Institute, Inc. d/b/a Culinary Institute Lenotre ("Defendant" or "Culinary Institute") files this reply to Plaintiff's response to Defendant's motion to dismiss Plaintiff's suit for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

## I. SUMMARY OF REPLY

1. Plaintiff's response fails to establish that the facts stated in her complaint will allow this Court to infer that Defendant is liable for the misconduct alleged in the complaint. Rather, the facts support the reasonable conclusion that Defendant acted in response to Plaintiff's actions that violated Defendant's rules of student conduct. Plaintiff

has not plead sufficient facts showing that she was subjected to sexual harassment in violation of Title IX, that Defendant retaliated against her after she complained about alleged sexual harassment, that Defendant breached a contract with Plaintiff, that Defendant breached a duty owed to Plaintiff, that Defendant discriminated against Plaintiff because of her race or color, and/or that Defendant acted with the intent of causing Plaintiff severe emotional distress. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. Taking "all well-pleaded facts as true" and "viewing them in the light most favorable to the plaintiff," Plaintiff's complaint does not allege " 'enough facts to state a claim to relief that is plausible on its face.' " *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, this Court should grant Defendant's 12(b)(6) motion and dismiss Plaintiff's claims, or alternatively, order Plaintiff to replead her causes of action.

**A. Plaintiff Fails to Allege Title IX Discrimination**

3. In order to plead a claim of discrimination under Title IX, Plaintiff must allege that Defendant intentionally discriminated against her because of her sex and that Defendant intended to treat female students differently from male students. *Poloceno v. Dallas Indep. Sch. Dist.*, No. 3:18-cv-01284-E, 2019 WL 7305216, at *2 (N.D. Tex. Dec. 30, 2019. While Plaintiff's complaint alleges facts establishing that Defendant received federal funding assistance, and that Plaintiff enjoys protected status under Title IX, the complaint does not plead sufficient facts on the crucial elements that the harassment of Plaintiff was based on her sex, and was "so severe, pervasive, and objectively offensive that it effectively bar[red Plaintiff's] access to an educational opportunity or benefit, and

that Defendant was deliberately indifferent to the harassment." *Sanches v. Carrollton-Farmers Branch Indep. School Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).

4. Plaintiff alleges she was subjected to a single remark by a male student in the presence of an instructor, that she reported the remark to Defendant's administrators, claiming sex-based harassment, and that Defendant did not remedy the alleged harassment.

5. The alleged remark, while crude, was not based on Plaintiff's sex. Instead, it was "merely tinged with offensive sexual connotations. *See Sanches*, 647 F.3d at 165 (referring to a female student one time as a "ho" does not qualify as harassment). Furthermore, even assuming the remark was based on Plaintiff's sex, the complaint does not state facts alleging the remark was so "severe, pervasive, and objectively offensive" that it deprived Plaintiff of equal access to educational opportunities or benefits. *Id.* Instead, the complaint alleges that Defendant, rather than the male student, denied Plaintiff educational opportunities.

**B. Plaintiff Fails to Allege Title IX Retaliation**

6. The factual allegations of Plaintiff's complaint also fail to support her Title IX retaliation claim. Plaintiff reported the male student's offensive remark in the context of Defendant's investigation into the verbal confrontation which resulted in both Plaintiff and the male student being removed from a classroom. Plaintiff did not report further instances of alleged sexual harassment by this male student. In addition, while Plaintiff suffered the adverse action of being suspended from Defendant's culinary program and having her enrollment terminated, her complaint does not allege fact sufficient to show a causal connection between her reporting the remark by a male student and Defendant's

disciplinary action, which followed two incidents in which Plaintiff had verbal (and in one case verbal and physical) altercations with fellow students. The Court should dismiss her Title IX retaliation claim.

**C. Plaintiff Fails to Allege Breach of Contract**

7. In her response, Plaintiff argues that her complaint provides fair notice of her breach of contract claim. However, despite alleging that she received the Culinary Institute "student handbook" during the admission process, Plaintiff does not assert facts sufficient to state a claim for breach of express or implied contract. Instead, her complaint baldly states that the Culinary Institute student handbook acted as a contract between Plaintiff and Defendant, and that, "upon information and belief," the handbook contained various promises and obligations regarding the handling of disciplinary matters which Defendant breached.

8. A breach of contract claim "must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including an allegation of a contractual relationship between the parties, and the substance of the contract which supports the pleader's right to recover." *Bayway Servs., Inc. v. Ameri-Build Const., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet). Simply stating that "upon information and belief" a contract existed between Plaintiff and Defendant, which contained obligations that Defendant breached, does not provide Defendant with fair notice of Plaintiff's breach of contract claim.

9. Breach of contract claims that fail to identify both the governing contract and the provision allegedly breached are routinely dismissed under Rule 12(b)(6). *See, e.g.,*

*Bedgood v. Nissan N. Am., Inc*., 2016 WL 3566689, *5 (W.D. Tex. June 24, 2016); *see also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011) (dismissing breach-of-contract claim that failed to specify "what contracts" the parties entered into, "the key terms," or "how they were breached"). Because Plaintiff has not pleaded sufficient facts stating a claim for breach of contract, the Court should dismiss that claim.

10. In addition, to the extent Plaintiff also has pleaded a breach of implied contract claim, she has not adequately described the purported terms of any implied contract or how Defendant breached the contract. *See Moore v. Allstate Texas Lloyd's,* 742 Fed. Appx. 815, 817 (5th Cir. 2018).

**D. Plaintiff Fails to Allege Negligence**

11. The prove her negligence claim, Plaintiff must establish the (1) Defendant owed a legal duty to Plaintiff, (2) Defendant breached that duty, and (3) The breach proximately caused Plaintiff's injury. *Nabors Drilling*, 288 S.W.3d at 404. In her response, Plaintiff argues that Defendant "assumed" a duty for investigating and addressing the incident with the male student, and that Defendant breached that duty by disciplining her while allowing the alleged harasser to remain "in proximity" to Plaintiff.

12. Even if Defendant owed Plaintiff a duty under the law, and Defendant's actions breached that duty, Plaintiff has not pleaded sufficient fact to put Defendant on notice of the injury caused by the breach, and how the breach proximately caused that injury. In her response, Plaintiff argues that allowing the male student to remain at the school increased the *potential* harm to plaintiff. Because Plaintiff does not plead sufficient

facts to put Defendant on notice of the injury caused by its alleged negligence, the Court should dismiss her negligence claim.

**E. Plaintiff Fails to State a Due Process Claim**

13. In her response, Plaintiff acknowledges that she cannot bring a constitutional due process claim against Culinary Institute, a private entity. Instead, she cloaks her "due process" allegation under her common law breach of contract and negligence claims. Because Plaintiff has not pleaded sufficient facts to support either of those claims. Therefore, to the extent Plaintiff makes a due process claim, the Court should dismiss that claim.

**F. Plaintiff Fails to State a Race Discrimination Claim Under Title VI and 42 U.S.C. § 1981**

14. Plaintiff has not pleaded facts sufficient to support an inference of intentional discrimination under Title VI of the Civil Rights Act of 1964 or 42 U.S.C. § 1981. Furthermore, Plaintiff has not pleaded facts showing that her race was the **"but for"** cause of her claimed injury, as required under 42 U.S.C. § 1981.

15. In her response, Plaintiff argues her complaint pleaded facts that plausibly support an inference of intentional discrimination, specifically that, as a Black student, Plaintiff received less favorable treatment from Defendant than students of other races. She claims the complaint identifies the female student who assaulted her in March 2024 as white. However, the complaint does not specify the race of that student.

16. The complaint also does not provide sufficient facts supporting Plaintiff's claim that the other student received more favorable treatment than Plaintiff. In addition,

the complaint names, but does not state the race of the male student who Plaintiff claims sexually harassed her. Without facts alleging disparate treatment because of her race, Plaintiff cannot maintain her claims under Title VI and 52 U.S.C. § 1981.

**G. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress**

17. Plaintiff recognizes that her claim of intentional infliction of emotional distress is a "gap filler" tort, which was "judicially created to allow recovery in rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). In *Hoffman-LaRouche,* the Texas Supreme Court held that a plaintiff cannot circumvent statutory remedies by collecting damages based on an intentional infliction of emotional distress claim. "If the gravamen of a plaintiff's complaint is the type of wrong that a statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he she succeeds, or even makes, a statutory claim. *Id.* at 448.

18. Plaintiff's complaint makes claims under Title IX, Title VI and 42 U.S.C. § 1981, as well as common law claims. All of these causes of action are based on the same facts as Plaintiff's cause of action for intentional infliction of emotional distress. Therefore, the Court should dismiss that claim.

## VI.
## CONCLUSION AND PRAYER

19. For the reasons set out in its Motion to Dismiss and this Reply, Defendant asks the Court to dismiss all of Plaintiff's statutory and state law claims against it, dismiss

all claims for damages, including punitive damages, claims for attorney's fees and costs, and all other claims for relief sought by Plaintiff.

**VII.**
**REQUEST FOR ORAL ARGUMENT**

20. Defendant re-urges its request for an oral hearing on its Motion to Dismiss.

Respectfully submitted,

**MERKLEY JONES EASTHAM, PLLC**

By: */s/ James P. McInerny*
James P. McInerny
State Bar No. 3678700
Fed. Id. No. 9138
jmcinerny@merkleyjones.com
600 Travis Street, Suite 5000
Houston, Texas 77002
O: 713.400.4199
M: 713-202-9728
*Attorneys for Defendant*

**CERTIFICATE OF WORD COUNT**

I certify that this motion contains 1929 words and complies with the Court's Procedure 16(c).

*/s/ James P. McInerny*
James P. McInerny

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, the foregoing was served via CM/ECF on all counsel of record pursuant to Local Rule 5.1.

*/s/ James P. McInerny*
James P. McInerny